DANA & CO. v. COSMOPOLITAN SHIPPING CO. et al.

(District Court, E. D. Pennsylvania. July 7, 1904.)

No. 51.

1. ADMIRALTY—FREIGHT—NONDELIVERY—INTERROGATORIES—EXCEPTIONS.

Where, on a libel in admiralty to recover for a shortage of 51 tons in a delivery of pig iron, it was alleged that respondent delivered to other consignees out of the same cargo 91 tons of pig iron more than had been shipped to them, respondent could not object to answering interrogatories calling for the names of the other consignees to whom delivery of pig iron was made out of the same cargo, the number of tons delivered to each, and the amount called for by their respective bills of lading, on the ground that it required respondent to disclose the business of other shippers engaged in the same trade as libelant.

In Admiralty. Dismissing exceptions to interrogatories.

Flanders & Pugh, for libelant.

Biddle & Ward, J. Rodman Paul, Howard H. Yocum, Convers & Kirlin, and John Munro Woolsey, for respondents.

HOLLAND, District Judge. The libelant alleges that the respondent company delivered to them, at Philadelphia, 51 tons of pig iron less than was placed on board its vessels at Rotterdam for them, and further alleges that at the same time the respondent delivered to other consignees, out of the same cargo, 91 tons of pig iron more than they had shipped to them. A recovery for the amount of shortage in pig iron is sought by the libelant, and interrogatories were filed requiring the respondent to answer on oath, giving the names of the other consignees to whom delivery of iron in Philadelphia was made out of the same cargo, the number of tons to each, and the amount in excess to such consignees called for by their respective bills of lading. Exceptions were filed to these interrogatories for the reason they are irrelevant and immaterial to the issue raised by the libel and answer, and objecting to a disclosure of the business of the respondent.

I cannot agree with the exceptants. The claim of libelant that there were delivered to them 51 tons of pig iron less than was placed on board for them is the fact sought to be established, and if they can show that other consignees, who shipped iron at the same time in the same vessels, received much more than they had purchased and for which their bills of lading called, it would be some evidence to show that the libelant's iron had been received on board and delivered to some one else by the respondent. The objection that it requires the respondent to disclose the business of their shippers engaged in the same trade as libelant cannot be considered if the libelant's claim is a valid one. They are entitled to the production of such facts as will prove their case, notwithstanding it may divulge the business of other shippers who are engaged in the same business. There is nothing in the law to exempt respondent from disclosing in its answer to interrogatories matters of this kind, otherwise relevant, so long as they are not matters which will expose him to any prosecution or punishment for crime or for any penalty or any forfeiture of his property for any penal offense. This is the only ground of objection that can be interposed to interrogatories eliciting facts which have a bearing upon the case.

The exceptions are dismissed, and the respondent directed to answer.